IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

                            PORTLAND DIVISION

SKILLFUL DAVIS,
                                          Civil No. 09-CV-1011-ST
          Petitioner,

     v.

BRIAN BELLEQUE,
                                          FINDINGS AND RECOMMENDATION
          Respondent.

     Mark Bennett Weintraub
     Assistant Federal Public Defender
     859 Willamette Street, Suite 200
     Eugene, OR 97401
          Attorney for Petitioner

     John R. Kroger
     Attorney General
     Kristen E. Boyd
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

     1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 to challenge the legality of a 1997 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") extending the length of his incarceration. For the reasons that follow, the Petition for Writ of Habeas Corpus (docket # 2) should be dismissed.

## BACKGROUND

On February 24, 1989, petitioner was convicted of Racketeering and received a 15-year sentence. Petitioner was later paroled, but that parole was revoked on March 8, 1996, when he engaged in new criminal activity. In an Order dated June 18, 1997, the Board ordered that petitioner serve an additional 60 months in prison for his parole violation. Petitioner did not appeal that Order.

Nine years later, on November 17, 2006, petitioner filed a state habeas corpus action alleging that the Board's June 18, 1997 Order violated his rights to due process, equal protection and the prohibition against *ex post facto* punishment because it relied upon inapplicable regulations. Respondent's Exhibit 102. The state habeas corpus court dismissed the Petition on March 14, 2007, finding that "plaintiff fail[ed] to allege facts sufficient to invoke habeas corpus relief." Respondent's Exhibit 106. The Oregon Court of Appeals affirmed this decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Davis*

2 - FINDINGS AND RECOMMENDATION

*v. Belleque*, 228 Or. App. 367, 208 P.3d 1057, *rev. denied,* 346 Or. 361, 211 P.3d 930 (2009).  The Appellate Judgment became effective on August 25, 2009.  Respondent's Exhibit 111.

Petitioner filed his Petition for Writ of Habeas Corpus in this court on August 26, 2009, raising an *ex post facto* challenge to the Board's June 18, 1997 Order.  Respondent asks the court to deny relief on the Petition because: (1) it is untimely; (2) it fails to state a federal claim for habeas corpus relief; and (3) the state court's decision denying relief is entitled to deference.

## **FINDINGS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996.  AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners.  The one-year period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

3 - FINDINGS AND RECOMMENDATION

          retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

Although his Petition purports to challenge the Board's June 18, 1997 Order, petitioner argues that the context makes clear that he is challenging the March 2007 judgment of the state court denying his state habeas corpus petition. Because the appellate judgment in that habeas corpus action issued at approximately the same time he filed this case, he contends that his Petition must be timely.

Petitioner's state habeas corpus challenge focused on the Board's June 18, 1997 Order to serve an additional 60 months in prison. However, the reference in 28 U.S.C. § 2244(d)(1)(A) to a judgment becoming final is intended to reference a criminal sentence, not a judgment of a state collateral challenge. *Burton v. Stewart*, 547 U.S. 147, 156 (2007). Thus, for purposes of AEDPA's statute of limitations, petitioner's judgment became final in 1997 when he did not appeal the Board's June 18, 1997 Order. Moreover, pursuant to 28 U.S.C. 2244(d)(1)(D), the date on which petitioner became aware of the factual predicate of his claim was June 18 1997. Therefore, he cannot successfully claim that AEDPA's

4 - FINDINGS AND RECOMMENDATION

statute of limitations should begin to run only after the conclusion of his state habeas corpus action.

AEDPA's statute of limitations began to run in 1997 when petitioner declined to appeal the Board's June 18, 1997 Order. Because it continued to run unabated until the filing of petitioner's state habeas corpus case (at a minimum),[1] this federal habeas corpus action should be dismissed as untimely filed.

## RECOMMENDATION

For the reasons identified above, the court should enter a judgment DISMISSING the Petition for Writ of Habeas Corpus (docket # 2) with prejudice.  The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due April 25, 2011.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

---

[1] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  Because this federal action is clearly untimely, the court need not determine whether petitioner's 2007 state habeas corpus case was "properly filed" sufficient to toll AEDPA's statute of limitations.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this <u>7th</u> day of April, 2011.

                                                   s/   Janice M. Stewart

                                                   Janice M. Stewart
                                                   United States Magistrate Judge